FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2004 MAR 12  PM 12: 47

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| CRESSIE TROUP, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. CV303-17 |
| MICHAEL CHAMBERS, SR. and MICHAEL CHAMBERS, JR. | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS

### INTRODUCTION

This is an action alleging a violation of Section 1985(3) of the Ku Klux Klan Act, 42 U.S.C. § 1985(3), and the tort of violent injury pursuant to O.C.G.A. § 51-1-14. Defendants are entitled to judgment as a matter of law because the plaintiff has failed to make an adequate showing of the essential elements of his § 1985(3) claim. Furthermore, defendants are entitled to a judgment as a matter of law on plaintiff's state law claim because the state law claim is barred by the statute of limitations. Or, in alternative, if summary judgment is entered with respect to plaintiff's § 1985(3) claim, the plaintiff's only remaining state-law claim should be dismissed because this Court no longer has original jurisdiction over any of the plaintiff's claims.

### STATEMENT OF FACTS

On April 3, 2001, plaintiff, Cressie Troup, rode with Jeffrey Smith to the defendants', Michael Chambers, Sr. and Michael Chambers, Jr., home to ask defendant, Michael Chambers, Sr., for assistance in getting a trailer out of a ditch. (Am.

28

Compl. ¶ 4.) The plaintiff, who arrived at the defendants' home without invitation (Troup Dep. at 11, 23.), immediately recognized both the defendants. (Troup Dep. at 7.) Defendants were without hood, mask or other disguise. (Troup Dep. at 7; Smith Dep. at 16.) The plaintiff then approached defendant, Michael Chambers, Sr., (Am. Compl. ¶ 6.) after which an altercation pursued between the plaintiff and defendants. (Troup Dep. at 24; Chambers, Sr. at 8; Chambers, Jr. at 6.)

On April 2, 2003, plaintiff filed his complaint. (Compl. at 1.) The complaint alleges that the defendants conspired to deprive the plaintiff of his Fifteenth Amendment right to vote. (Am. Compl. ¶ 18, 19, 22.) The only election allegedly mentioned during the incident was not a federal election. (Troup Dep. at 13-14.)

The defendants received notice of the complaint and summons by certified mail. (Resp. & Countercl. ¶ 12 {3rd Defense}.) The defendants raised the insufficiency of service of process defense pursuant to Fed. R. Civ. P. 12(b)(5) in their first response to the plaintiff's complaint. (Resp. & Countercl. ¶ 12 {3rd Defense}.) Proper service of process was not obtained with regard to the defendants until July 13, 2003, which is approximately 102 days from date the plaintiff filed his complaint. See attached affidavits of defendants, Michael Chambers, Sr. and Michael Chambers, Jr.

## ARGUMENT

Fed. R. Civ. P 56 provides the court with the means to enter summary judgment in a case before trial when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The purpose of summary judgment is to look past the action's pleadings and evaluate the parties' proof in order to

determine whether trial is actually required. See Celotex Corp. v. Catrett, 477 U.S. 316, 323-24 (1986).

    I.    SUMMARY JUDGMENT SHOULD BE ENTERED WITH RESPECT TO PLAINTIFF'S 42 U.S.C § 1985(3) CLAIM BECAUSE PLAINTIFF'S EVIDENCE IS INSUFFICIENT TO ESTABLISH THE ESSENTIAL ELEMENTS OF A § 1985(3) CLAIM.

Celotrex Corp v. Catrett, decided by the Supreme Court in 1986, set forth a clear standard upon which summary judgment must be entered. Id. at 322-23.

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Id. Section 1985(3) prohibits two classes of conspiracy and provides the civil remedy for a violation of any § 1985 subsection. Kush v. Rutledge, 460 U.S. 719, 724 (1983). Here, summary judgment should be entered for the defendants and against the plaintiff with respect to plaintiff's § 1985(3) claim because the plaintiff has failed to establish the following essential elements of a § 1985(3) claim.

    A.    <u>The Plaintiff Has Failed to Establish that the Defendants Conspired or Went in Disguise on the Highway or the Premises of Another with the Intent to Deprive the Plaintiff of His Constitutional Right to Vote.</u>

The first portion of § 1985(3), reads as follows:

> If two or more persons in any State or Territory *conspire or go in disguise on the highway or on the premises of another*, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under

3

the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws. (emphasis added).

A cause of action for conspiracy under this portion of § 1985(3) clearly requires that two or more persons "conspire or go in disguise on the highway or premises of another." Kush, 460 U.S. at 725.

Here, plaintiff has failed to establish that the defendants conspired or went in disguise on the highway or on the premises of another. The incident, which is the subject of this action, occurred at the defendants' home when the plaintiff arrived without invitation. (Troup Dep. at 11, 23; attached affidavit of Michael Chambers, Jr.) Plaintiff admits that defendants were immediately recognizable and without disguise. (Troup Dep. at 7.) Given that the incident occurred in the yard of the residence of both defendants, the defendants' actions clearly did not occur, as plaintiff must establish "on the highway or on the premises of another." 42 U.S.C. § 1985(3); (Am. Compl. ¶ 5). As a result, the plaintiff has failed to establish that the defendants' actions occurred "on the highway or on the premises of another" which is an essential element of a claim brought pursuant to the first portion of § 1985(3). Therefore, summary judgment should be entered against the plaintiff because the absence of this essential element effectively renders all other facts involving plaintiff's first portion of § 1985(3) claim immaterial.

Alternatively, if this Court does not agree that a conspiracy set forth in the first portion of § 1985(3) must occur "on the highway or on the premises of another," then summary judgment should be granted for the defendants because the plaintiff has failed to establish that the defendants conspired at all. Here, the plaintiff arrived at the

defendants' home without invitation. (Troup Dep. 11, 23.) Furthermore, the plaintiff had not informed the defendants that he would be coming to the defendants' home. (Troup Dep. 8). Moreover, the defendants did not entice the plaintiff to their home; in fact, the defendants were without knowledge that the plaintiff would be coming to their home on the date of the incident. See attached affidavits of defendants, Michael Chambers, Sr. and Michael Chambers, Jr. Additionally, the plaintiff saw defendant, Michael Chambers, Sr. from a distance without incident during the approximate six months preceding the incident and after the election, allegedly mentioned during the incident. (Troup Dep. At 14-16.) Therefore, given these facts, the plaintiff has failed to establish that the defendants conspired at all with respect to the plaintiff.

On the other hand, if this Court does not agree that the plaintiff has failed to establish that the defendants conspired, then summary judgment should be granted for the defendants because the plaintiff has failed to establish that the defendants conspired for the purpose of depriving the plaintiff "of the equal protection of the laws or of the equal privileges and immunities under the laws." The plaintiff has not alleged any facts that would establish that defendants conspired for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; therefore, this section of the first portion of § 1983(3) is not at issue in this action.

The first portion of § 1985(3) applies to purely private conspiracies. Kush, 460 U.S. at 725 (citing Griffin v. Breckenridge, 403 U.S. 88, 91 (1971)). However, this does not indicate that the first portion of § 1985(3) was intended to reach all tortious, conspiratorial interferences with the rights of others. Dowsey v. Wilkins, 467 F.2d 1022,

5

1026 (5th Cir. 1972). To establish a private conspiracy in violation of the first portion of § 1985(3), "a plaintiff must show, inter alia, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." Park v. City of Atlanta, 120 F.3d 1157, 1161 (11th Cir. 1997) (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-78 (1993)). The first portion of § 1985(3) does not apply to "private conspiracies that are aimed at a right only against state interference, but applies only to such conspiracies as are aimed at interfering with rights . . . protected against private . . . encroachment." Id. at 1162 (quoting Bray, 506 U.S. at 278). Rights guaranteed by the Thirteenth Amendment and the right of interstate travel are rights protected from private encroachment while First Amendment rights, Fourteenth Amendment rights, and the right to abortion are protected only against State encroachment. Id.; see also United Brotherhood of Carpenter and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 822, 831 (1983). Therefore, a private conspiracy aimed at interfering with a right guaranteed against only State impairment, such as the right to free speech, abortion or Fourteenth Amendment rights, is not a violation of § 1985(3) unless it is proved that the State was involved in the conspiracy or that the aim of the conspiracy was to influence the activity of the State. United Brotherhood of Carpenter and Joiners of America, Local 610, AFL-CIO, 463 U.S. at 825.

Here, plaintiff alleges that the defendants conspired to deprive plaintiff of his Fifteenth Amendment right to vote. (Am. Compl. ¶ ¶ 18, 19, 22.) The Fifteenth Amendment, in pertinent part, provides that "[t]he right of citizens of the United States to

6

vote shall not be denied or abridged by the United States or by any State." U.S. CONST. Amend. XV, § 1. Like the rights provided for in the First Amendment, the Fourteenth Amendment and the right to abortion, the Fifteenth Amendment right to vote is a right protected only against state encroachment. See id. Therefore, the plaintiff has failed to establish that the defendants conspired to interfere with a right guaranteed against private impairment. Moreover, the plaintiff has alleged no facts that the State was involved in the defendants' alleged conspiracy or that the aim of the defendants' alleged conspiracy was to influence the activity of the State. Therefore, the plaintiff has failed to show that the State was involved in the conspiracy or that the aim of the conspiracy was to influence the activity of the State, which is an essential element of a claim brought pursuant to the first portion of § 1985(3) when the right involved is guaranteed only against State impairment. Consequently, summary judgment should be granted for defendants with respect to the plaintiff's claim brought pursuant to the first portion of § 1985(3).

    B.    <u>The Plaintiff Has Failed to Establish that the Defendants Conspired (1) to Prevent the Plaintiff from Freely Giving his Support or Advocacy in a Federal Election or (2) to Injure the Plaintiff as a Result of Plaintiff's Support or Advocacy in a Federal Election.</u>

The Ku Klux Klan Act provides a means to recover damages for conspiracies aimed at interfering with Federal voting rights. Paynes v. Lee, 377 F.2d 61, 64 (5th Cir. 1967). The second portion of § 1985(3), which defines such conspiracies, reads as follows:

> [I]f two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, *from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or*

7

> *Vice President, or as a Member of Congress of the United States*; or to injure any citizen in person or property on account of *such support or advocacy.* (emphasis added).

The second portion of § 1985(3) relates to federal elections. <u>Kush</u>, 460 U.S. at 724.

Here, plaintiff has failed to establish that the defendants conspired to prevent the plaintiff "from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States." Furthermore, plaintiff has failed to establish that the defendants "injured" the plaintiff "on account of" his "support or advocacy" of a candidate for federal election. The only election allegedly mentioned during the incident was a special runoff election for a Wheeler County Commission seat held in or about August of 2000 when no other races were on the ballot. (Troup Dep. at 13.) This election was not a federal election, and this election occurred some six months before the alleged conspiracy. (Troup Dep. at 14.) No future or other elections were specifically mentioned during the incident. Furthermore, Troup could not participate in the only election allegedly mentioned in the incident because Troup did not live in the district in which the Wheeler County Commission seat was open. (Troup Dep. at 13.) Moreover, Jeffrey Smith, witness to the incident, testified that he heard nothing about politics during the incident. (Smith Dep. at 23.)

Consequently, plaintiff has failed to establish a connection between the defendants' alleged conspiracy and a federal election, which is required when pursuing a claim for an alleged violation of the second portion of § 1985(3), which only protects against conspiracies involving federal elections. Summary judgment should be granted for the defendants because the plaintiff has failed to establish an essential element of a

8

claim brought pursuant to the second portion of § 1985(3), and this necessarily renders all other facts involved in this claim immaterial.

Accordingly, the plaintiff has failed to establish a conspiracy as set forth within either the first portion or the second portion of § 1985(3); therefore, the plaintiff has failed to set forth a cause of action providing a remedy arising under the last portion of § 1985(3). As a result, summary judgment against the plaintiff is proper in respect to plaintiff's § 1985(3) claims.

II. SUMMARY JUDGMENT SHOULD BE ENTERED WITH RESPECT TO PLAINTIFF'S STATE LAW CLAIM BECAUSE THE CLAIM IS BARRED BY THE STATUTE OF LIMITATION.

Under the Erie doctrine, a federal court must apply the controlling substantive law of the state to state-law claims. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Furthermore, in Guaranty Trust Co. v. York, 326 U.S. 99 (1945), the Supreme Court held that the state statutes of limitations are substantive laws and must be followed by federal courts exercising jurisdiction over state law claims.

> According to the Supreme Court, a state created cause of action "accrues and comes to an end when local law so declares. Where local law qualifies or abridges it, the federal court must follow suit. Otherwise, there is a different measure of the cause of action in one court than the other, and the principle of Erie is transgressed."

Cambridge Mutual Fire Insurance Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983) (quoting Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 532 (1949)). Here, this Court has supplemental jurisdiction over plaintiff's O.C.G.A. § 51-1-14 claim; therefore, this Court must apply Georgia's applicable statute of limitation.

In Georgia, statutes of limitations are tolled by the commencement of civil actions. Bowman v. Untied States Life Insurance Co., 167 Ga. App. 673, 676, 307

9

S.E.2d 134, 137 (1983). Georgia's commencement statute and service of process statute are integral parts of the state statute of limitation. Cambridge Mutual Fire Insurance Co., 720 F.2d at 1233. Georgia's commencement statute is like the Fed. R. Civ. P. 3 in that the statute provides that the filing of a complaint commences a civil action. O.C.G.A. § 9-11-3. However, filing is not the commencement of the action unless followed by service within a reasonable time, and once proper service is perfected such service will relate back to the original date of filing which will be considered the date of the commencement of the action. Cambridge Mutual Fire Insurance Co., 720 F.2d at 1233. Moreover, O.C.G.A. § 9-11-4(c) provides that service of process is to be made "within five days from the time of receiving the summons and complaint; but failure to make service within five-day period will not invalidate a later service."

If service is perfected within the statutory allotted five days, even though the statute of limitation expired before service was perfected, service will relate back to the filing of the complaint. Id. However, if service is not perfected within the statutory allotted five days and the statute of limitation expires before service is perfected, "service will relate back only if the plaintiff diligently attempted to perfect service." Id. (citing Webb v. Murphy, 142 Ga. App. 649, 236 S.E.2d 840, 841 (1977); Bible v. Hughes, 146 Ga. App. 769, 770, 247 S.E.2d 584, 585 (1978)).

Trial courts are vested with discretion to determine whether the plaintiff diligently attempted to perfect service, and if the trial court determines that the delay is attributable to the plaintiff, the court of appeals will not intervene. Id. Moreover, if reasonable and diligent efforts are not made to insure proper service as quickly as

10

possible, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. Bowman, 167 Ga. App. at 676, 307 S.E.2d at 137.

Here, Georgia's statute of limitation for injuries to the person is two years. O.C.G.A. § 9-3-33. Plaintiff alleges this injury occurred on April 3, 2001. (Am. Compl. ¶ 4.) Plaintiff filed his complaint on April 2, 2003 the day the statute of limitation was to expire on his tort claim of violent injury pursuant to O.C.G.A. § 51-1-14. (Compl. at 1.) Plaintiff sent the defendants copies of the complaint and summons by certified mail. (Resp. & Contercl. ¶ 12 {3rd Defense}.) However, proper personal service of process was not obtained over defendants until July 13, 2003, which is approximately 102 days from the date that the plaintiff filed his complaint and after the statute of limitation expired. See attached affidavits of defendants, Michael Chambers, Sr. and Michael Chambers, Jr. Here, because proper service of process was not made within the statutory allotted five days and the statute of limitations expired before proper personal service was obtained, this court must determine whether the plaintiff diligently attempted to perfect proper service of process.

The plaintiff bears the burden of showing that he lacked fault in having proper service made and that he was reasonably diligent in perfecting proper service of process as quickly as possible. Bowman, 167 Ga. App. at 676, 307 S.E.2d at 137. In Bowman, the plaintiffs produced no evidence indicating due diligence of lack of fault in perfecting service when service was not perfected for 101 days from the date the complaint was filed and after the statute of limitation ran. As a result, the Georgia Court of Appeals held that "the record shows no genuine issue of material fact as to the lack

11

of diligence by the [plaintiffs] in perfecting service upon [the defendant]." Id.; see also Corley v. Gilley, 205 Ga. App. 660, 423 S.E.2d 55, 56 (1992) (affirming the dismissal of plaintiff's action on the basis that the action was barred by the applicable statute of limitation when defendant was not properly served with process until 66 days after the statute of limitation expired and 71 days after the filing of the complaint); McManus v. Sauerhoffer, 197 Ga. App. 114, 387 S.E.2d 715, 716-717 (1990) (affirming the dismissal of plaintiff's action on the basis that the action was barred by the applicable statute of limitation when defendant was not properly served with process until 63 days after the statute of limitation expired, and plaintiff had correct address for defendant for two months prior to perfecting service upon defendant). Similarly, in Ennis v. Bradshaw, 197 Ga. App. 744, 399 S.E.2d 493, 494-95, the Georgia Court of Appeals affirmed the entering of summary judgment on the grounds that the plaintiff had not exercised due diligence in perfecting service on the defendant after the expiration of the statute of limitation when plaintiff knew defendant's address over two months before the statute of limitation expired. Id.

In the present case, proper personal service of process was not made on defendants until July 13, 2003 approximately 102 days after the filing of the complaint and after the statute of limitation expired. See attached affidavits of defendants Michael Chambers, Sr. and Michael Chambers, Jr. The plaintiff had knowledge of defendants' residence from the date of the alleged incident. (Troup Dep. at 7.) Furthermore, the plaintiff had notice of improper service of process on or about April 24, 2003, yet plaintiff did not obtain proper service of process for approximately 80 days. Moreover, there is no evidence that the defendants concealed themselves or attempted to avoid service in

any way. Therefore, the plaintiff was not diligent in obtaining proper service of process. Consequently, the eventual service of process obtained approximately 102 days after the statute of limitations expired does not relate back to the filing of the suit, and summary judgment should be entered with regard to the plaintiff's O.C.G.A. § 51-1-14 claim because the plaintiff has failed to establish a genuine issue of material fact as to his lack of diligence in perfecting service upon the defendants.

III. IF SUMMARY JUDGMENT IS ENTERED WITH RESPECT TO PLAINTIFF'S § 1985(3) CLAIM, A DISMISSAL SHOULD BE ENTERED WITH RESPECT TO PLAINTIFF'S STATE LAW CLAIM BECAUSE THIS COURT HAS DISMISSED ALL CLAIMS OVER WHICH IT HAS ORGINAL JURISDICTION.

If this Court enters summary judgment with respect to plaintiff's § 1985(3) claim, this Court will no longer have original jurisdiction over any of the plaintiff's claims. See Benyon v. Cousins Properties, Inc., 230 F. Supp. 2d 1351, 1384 (N.D. Ga. 2002). Therefore, this Court may decline to exercise supplemental jurisdiction over plaintiff's O.C.G.A. § 51-1-14 claim because the Court no longer has original jurisdiction over any of the plaintiff's claims. See 28 U.S.C. § 1367(c)(3). In United Mine Workers v. Gibbs decided by the Supreme Court in 1966, the Court explained that:

> [n]eedless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well.

383 U.S. 715, 726 (1966).

Here, if this Court has entered summary judgment with regard to plaintiff's § 1985(3) claim, the only matters before this Court resound purely in state law. Therefore, on the values of judicial economy, convenience, fairness, and comity, the

defendants request that this Court dismiss the plaintiff's O.C.G.A. § 51-1-14 state-law claim.

## CONCLUSION

For the foregoing reasons, the defendants are entitled to judgment as a matter of law; therefore, the summary judgment should be entered against the plaintiff and in favor of the defendants with respect to each of the plaintiff's claims, or in alternative, summary judgment should be entered against the plaintiff with respect to his 42 U.S.C. § 1985(3) claims and a dismissal should be entered with respect to plaintiff's O.C.G.A. § 51-1-14 claim.

DURDEN, KAUFOLD, RICE & BARFIELD, P.C.
Attorneys at Law

BY: _____
Howard C. Kaufold, Jr.
Attorney for Defendants
State Bar No. 409199

P. O. Box 1935
Vidalia, Georgia 30475
(912) 537-7651

JONES, THOMPSON, FRASER & JONES
Attorneys at Law

BY: _____
Eric L. Jones
Attorney for Defendants
State Bar No. 400100

P.O. Box 1586
Dublin, GA 31040-1586
(478) 272-4460

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a true and correct copy of the within and foregoing Motion for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment and Motion to Dismiss, Affidavit of Michael Chambers, Sr., Affidavit of Michael Chambers, Jr., Statement of Material Facts, and Memorandum of Law in Support of Motion for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment and Motion to Dismiss by placing a copy of same in the United States Mail, with adequate postage thereon to insure prompt delivery, and addressing it to:

Harold D. McLendon
Post Office Box 2003
122 East Jackson Street
Dublin, GA  31040

Derek J. White
P.O. Box 1405
Savannah, GA  31402

This _____ day of March 2004.

DURDEN, KAUFOLD, RICE & BARFIELD, P.C.
Attorneys at Law

BY: _____
Howard C. Kaufold, Jr.
Attorney for Defendants
State Bar No. 409199

P. O. Box 1935
Vidalia, Georgia 30475
(912) 537-7651