# ORIGINAL

U.S. DISTRICT COURT
AUGUSTA DIV.

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

2004 MAY 24  PM 1: 37

CLERK _[signature]_
SO. DIST. OF GA.

CRESSIE TROUP,                    *
                                  *
         Plaintiffs ,             *
                                  *
     v.                           *          CV303-017
                                  *
MICHAEL CHAMBERS, SR. and         *
MICHAEL CHAMBERS, JR.             *
                                  *
         Defendants.              *

---

## O R D E R

---

Plaintiff filed the captioned case alleging violations of § 1985(3) of the Ku Klux Klan Act, 42 U.S.C. § 1985(3), and the tort of violent injury pursuant to O.C.G.A. § 51-1-14. Defendants filed a counterclaim for bodily injury and defamation. After receiving no responsive pleading from Plaintiff, the Court instructed the clerk to enter default in favor of Defendants on their counterclaims. (Doc. Nos. 45, 46.) Currently pending are 1) Plaintiff's motion to set aside the entry of default (Doc. No. 47) and 2) Defendants' motion for summary judgment, or in the alternative, motion for partial summary judgment and motion to dismiss (Doc. No. 27). For reasons stated more fully below, Plaintiff's motion is **GRANTED** and Defendants' motion is **GRANTED**.

DHB(37)                                           CCC:   _[signature]_

AO 72A
(Rev.8/82)

## I.  BACKGROUND

On April 3, 2001, Plaintiff, a black male, was in the process of moving a mobile home trailer when it became stuck in a drainage ditch adjacent to the road.  (Pl. St. of Mat. Facts ¶ 19; Pl. Resp. to Mot. for Summ. J. at 2.)  Plaintiff saw Chambers, Jr. and asked for him for assistance.  (<u>Id.</u> ¶ 20.)  Chambers, Jr. attempted to pull the trailer out of the ditch with his truck, but was ultimately unsuccessful.  (<u>Id.</u> ¶¶ 20-22.)  Later in the afternoon, Plaintiff, having been on the Chambers' property on numerous occasions without incident, drove to Chambers, Sr.'s residence to again seek help in removing the trailer.  (<u>Id.</u> ¶ 24-26.)  Both Chambers, Sr. and Chambers, Jr. were on the property.

After Plaintiff exited his vehicle, Chambers, Sr. began shouting expletives, accusing Plaintiff of supporting Chambers, Sr.'s political opponent in the Wheeler County Commissioners election held approximately six months earlier,[1] and stating that he was going to "whip [Plaintiff's] ass." (<u>Id.</u> ¶¶ 5, 30-31.)  Chambers, Sr. then grabbed a metal T-post from the back of his truck and approached Plaintiff.  (<u>Id.</u> ¶ 31.)  When Plaintiff grabbed Chambers, Sr. by the waist to avoid being hit, Chambers, Sr. told Chambers, Jr. to get his

---

[1] Chambers, Sr., the incumbent, had lost his County Commissioner's seat in the election.  (Pl. St. of Mat. Facts ¶ 5.)  Both Defendants are, and were at the time of the incident, private citizens holding no elective or public office.

2

shotgun and "shoot and kill this goddamn nigger." (<u>Id.</u> ¶¶ 32-34.) Chambers, Jr. then struck Plaintiff in the head with the shotgun, causing it to discharge, and Chambers, Sr. struck Plaintiff with the T-post, causing him to fall. (<u>Id.</u> ¶¶ 35-37.) Once Plaintiff was on the ground, Chambers, Sr. then tried to choke him with the T-post and hit him repeatedly in the head. (<u>Id.</u> ¶ 38-39.) As he was hitting Plaintiff, Chambers, Sr. allegedly stated "you campaigning for Billy Cartwright against me, I will teach you" and then said Chambers, Jr. should have killed Plaintiff. (<u>Id.</u> ¶¶ 40, 41.) Chambers, Sr. then told Plaintiff to get off his property and Plaintiff left. (<u>Id.</u> ¶ 42.)

As a result of the incident, Chambers, Sr. pled guilty to one count of making terroristic threats and two counts of simple assault in the Superior Court of Wheeler County, Georgia. (<u>Id.</u>, Ex. A.) Plaintiff then filed suit in this Court on April 2, 2003 alleging that Defendants conspired to deprive him of his Constitutional rights and inflict violent injury upon him. Defendants move for summary judgment on both the federal and state law claims.

## II.   <u>PLAINTIFF'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT</u>

In federal practice, trials on the merits are the preferred method for resolving disputes and defaults are not

3

favored.  Ritts v. Dealers Alliance Credit Corp., 989 F. Supp.
1475, 1480 (11th Cir. 1997). Under Federal Rule of Civil
Procedure 55(c) the Court may set aside an entry of default
for "good cause shown."  Id.  Generally, the factors to
consider in determining whether good cause has been shown
include: whether the default was culpable or willful; whether
setting it aside would prejudice the non-defaulting party; and
whether the defaulting party has a meritorious defense.  Id.

In this case, consideration of these factors leads to the
conclusion that the entry of default should be set aside.
First, Plaintiff chose not to respond to Defendants'
counterclaims based on sound Georgia, as opposed to federal,
procedural law; and there was a pleading already in the record
that by its very nature opposed Defendants' counterclaims.
Although not a wise decision, for it is a basic tenet that if
a matter is procedural, federal law will apply, it was not
culpable.  Second, since both parties have given deposition
testimony, exchanged their Rule 26 disclosures, and since
Defendants have been aware of Plaintiff's claims and defenses
for some time prior to the present action, Defendants would
not be prejudiced by setting aside the entry of default.
Finally, based on the original complaint, it appears that
Plaintiff has presented a meritorious defense.

Therefore, Plaintiff's motion to set aside the entry of

default is **GRANTED**.  However, Plaintiff is instructed to file
an answer to each counterclaim, as required by the Federal
Rules of Civil Procedure, within 10 days of entry of this
order.

### III.   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### A.   **Requirements for summary judgment**

The Court should grant summary judgment only if "there is
no genuine issue as to any material fact and . . . the moving
party is entitled to a judgment as a matter of law."  Fed. R.
Civ. P. 56(c).  Facts are "material" if they could affect the
outcome of the suit under the governing substantive law.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
The Court must view the facts in the light most favorable to
the non-moving party, Matsushita Elec. Indus. Co. v. Zenith
Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all
justifiable inferences in [its] favor . . . ."  United States
v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th
Cir. 1991) (en banc) (internal quotation marks omitted).

The moving party has the initial burden of showing the
Court, by reference to materials on file, the basis for the
motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
How to carry this burden depends on who bears the burden of
proof at trial.  Fitzpatrick v. City of Atlanta, 2 F.3d 1112,

5

1115 (11th Cir. 1993). If the <u>movant</u> bears the burden of proof at trial, that party "must show that, on all the essential elements of its case, . . . no reasonable jury could find for the nonmoving party." <u>Four Parcels</u>, 941 F.2d at 1438. On the other hand, if the <u>non-movant</u> has the burden of proof at trial, the movant may carry the initial burden in one of two ways--by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. <u>Jones v. City of Columbus</u>, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. <u>Clark</u>, 929 F.2d at 608.

If--and only if--the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." <u>Id.</u> Again, how to carry

6

this burden depends on who bears the burden of proof at trial. If the <u>movant</u> has the burden of proof at trial, the non-movant may avoid summary judgment only by coming forward with evidence from which a reasonable jury could find in its favor. <u>Anderson</u>, 477 U.S. at 249.  If the <u>non-movant</u> bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carries its initial burden.  If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated."  <u>Fitzpatrick</u>, 2 F.3d at 1116.  If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency."  <u>Id.</u> at 1116-17.  The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. <u>See Morris v. Ross</u>, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond by affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

The clerk has given the non-moving party notice (Doc. No. 35) of the summary judgment motion and the summary judgment

7

rules, of the right to file affidavits or other materials in opposition, and of the consequences of default.   Therefore, the notice requirements of <u>Griffith v. Wainwright</u>, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied.   The time for filing materials in opposition has expired, and the motion is ready for consideration.

**B.   Analysis**

    <u>1.   42 U.S.C. § 1985(3)</u>

Defendants assert that they are entitled to summary judgment on Plaintiff's claim under the Ku Klux Klan Act because Plaintiff has failed to make an adequate showing of the essential elements of 42 U.S.C. § 1985(3).   The elements of a cause of action under § 1985(3) are 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. <u>United Bhd. of Carpenters & Joiners of America, Local 610 v. Scott</u>, 463 U.S. 825, 828-29 (1983).   Specifically, the second element requires a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus

8

behind the conspirators' action." Id. at 829 (quotations and citation omitted).

The existence of a conspiracy may be proven by circumstantial evidence, Arnold v. Board of Ed. of Escambia County, Al., 880 F.2d 305, 317 (11th Cir. 1989), but there must be an agreement to commit the illegal act, Crowe v. Lucas, 595 F.2d 985, 993 (5th Cir. 1979).[2]  To establish the existence of a § 1983 conspiracy, a plaintiff must show that the defendants reached an understanding to violate his rights and willfully participated in such a violation. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1284 (11th Cir. 2002) (citations omitted).  Although there is no evidence that Defendants enticed Plaintiff onto their property, nor planned or expressly agreed to injure Plaintiff,  the concerted effort and willful participation by both Defendants in assaulting Plaintiff is enough to establish the possibility of a conspiracy.

Assuming the existence of a conspiracy, Plaintiff has alleged a § 1985(3) conspiracy between private actors.  A § 1985(3) private conspiracy requires the intent to deprive

---

[2] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/82)

Plaintiff of a right guaranteed against private impairment.[3]
Park v. City of Atlanta, 120 F.3d 1157, 1162 (11th Cir. 1997).
The statute does not apply to private conspiracies aimed at a
right only against state interference, but it requires proof
of a violation of a constitutional right protected from
private and official encroachment.  Id.; see also, Bray v.
Alexandria Women's Health Clinic,  506 U.S. 263, 267-68, 274
(1993).  The list of rights protected from both official and
private encroachment is short, see Bray, 506 U.S. at 278, and
none of the affected rights asserted by Plaintiff rise to this
level.

Plaintiff claims that Defendants deprived him of his
right to vote, support the candidate of his choice, consent to
and perform contracts freely, and "seek the aid of a fellow
American in the time of need." (Resp. to Mot. for Summ. J. at
5,6.) First, there is no constitutional right to seek the aid
of a fellow American in the time of need.  Second, there is no
right to vote, contract, or support a candidate that is
protected against private encroachment.

The right to vote has its source in the Fifteenth
Amendment; and this amendment erects no shield against merely

---

[3] The Supreme Court has explained that, while it would be difficult
to conceive of a violation of § 1985(3) that did not involve the state,
there is nothing inherent in the language of the section that requires the
action come from the state and § 1985(3) does reach purely private
conspiracies.  United Bhd. of Carpenters & Joiners of America, Local 610
v. Scott, 463 U.S. 825, 832 (1983).

10

private conduct, no matter how discriminatory or wrongful. Terry v. Adams, 345 U.S. 461, 472-73 (1953). The right to support the candidate of his choice, or the right of freedom of expression and association, has its source in the First Amendment. However, the First Amendment restrains only official conduct. United Bhd., 463 U.S. at 832-33. Finally, Article I, Section 10 bars interference with contractual obligations, but the prohibition is directed to the states, forbidding them from passing laws that impair contractual obligations. Poirier v. Hodges, 445 F. Supp. 838, 842 (M.D. Fl. 1978). Like the First and Fifteenth Amendments, it is not applicable to mere individual conduct. Id.

Plaintiff has not made so much as an intimation that the state interfered with his right to vote or speak freely, nor that Defendants participated in, or contributed to, the enactment of state legislation impairing his contractual rights and obligation. Furthermore, although Chambers, Sr. referred to a political campaign during the incident, the election was for a county commission seat which Chambers, Sr. had lost six months earlier. Thus, Plaintiff has failed to prove that Defendants, private citizens holding no elected or public office, conspired to violate a constitutional right protected from private and official encroachment. He has, therefore, failed to make an adequate showing of the essential

11

elements of a claim under § 1985(3), and Defendants' motion for summary judgment is **GRANTED**.

### 2.   O.C.G.A. § 51-1-14

Since summary judgment has been granted for Plaintiff's § 1985(3) claims, the Court no longer has original jurisdiction over any of Plaintiff's claims and the only matters remaining before the Court resound purely in state law.   Therefore, I decline to exercise supplemental jurisdiction over Plaintiff's claim under O.C.G.A. § 51-1-14 and this claim is **DISMISSED**.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion to set aside the entry of default (Doc. No. 47) is **GRANTED** and Plaintiff is instructed to file an answer to each of Defendants' counterclaims within 10 days of entry of this order.   Defendants' motion for partial summary judgment and motion to dismiss (Doc. No. 27) is **GRANTED**.   The Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendants on Plaintiff's claims, taxing costs related to those claims against Plaintiff.   Moreover, the Court finds that a status conference in the case is warranted and a hearing for this purpose will be held at 11:00 a.m. on Wednesday June 9, 2004,

12

at the J. Roy Rowland Federal Courthouse, Dublin, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of May 2004.

_____
UNITED STATES DISTRICT JUDGE

13

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:    3:03-cv-00017
Date Served:    May 24, 2004
Served By:      Cindy M. Reynolds

Attorneys Served:

Harold D. McLendon, Esq.
Derek J. White, Esq.
Howard C. Kaufold Jr., Esq.
Eric Lance Jones, Esq.

_____ Copy placed in Minutes

_____ Copy given to Judge

_____ Copy given to Magistrate